# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:09-cv-02040-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| A. HEDGPETH, et al., | (ECF No. 12) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

**I.      Screening Requirement**

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the first amended complaint, filed October 4, 2010.  (ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1   Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

2   (2007)).

3          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.    Discussion**

14         Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is currently housed at California State Prison, Corcoran. Plaintiff brings this action against

16  Defendant Gricewich, alleging retaliation in violation of the First Amendment, seeking

17  compensatory and punitive damages.

18         Plaintiff's allegation that Defendant Gricewich falsified the Second Level Response to his

19  group appeal in retaliation for his filing grievances and a civil action is sufficient to state a

20  cognizable claim for retaliation in violation of the First Amendment.

21         To the extent that Plaintiff alleges a violation of his right to access the court, he fails to state

22  a cognizable claim. While inmates have a fundamental constitutional right of access to the courts,

23  Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010),

24  the right is merely the right to bring to court a grievance the inmate wishes to present, and is limited

25  to direct criminal appeals, habeas petitions, and civil rights actions, Lewis, 518 U.S. at 354. Plaintiff

26  may not pursue a claim for denial of access to the courts based on the alleged falsification of an

27  appeal response by staff. Plaintiff does not have a constitutionally protected right to have his appeals

28  accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855

F.2d 639, 640 (9th Cir. 1988).  Since Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, his claim fails as a matter of law.  Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

**III.     Conclusion and Order**

Plaintiff's first amended complaint sets forth a cognizable claim against Defendant Gricewich for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983.  Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49.  Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's first amended complaint, filed October 4, 2010, against Defendant Gricewich for retaliation in violation of the First Amendment;

2.     Plaintiff's access to the court, due process, Eighth Amendment, and equal protection claims be dismissed, with prejudice, for failure to state a claim under section 1983; and

3.     Defendants Hedgpeth and Harrington be dismissed from this action, with prejudice, for failure to state a claim under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 14, 2011**              _____/s/ Sandra M. Snyder_____
                                           UNITED STATES MAGISTRATE JUDGE

3