1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:09-cv-02040-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| A. HEDGPETH, et al., | (ECF No. 17) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| / | |

14

15

16

17

18

19

20

21

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 17, 2011, the Court screened Plaintiff's first amended complaint and issued findings and recommendations recommending that this action proceed against Defendant Gricewich for retaliation in violation of the First Amendment.  On November 3, 2011, Plaintiff filed a motion for an extension of time to file objections and included a request for a court order directing prison officials to return all his legal files and property and cease all acts of reprisal against Plaintiff.

22

23

24

25

26

27

28

For each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

1

1    In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

2 which provides in relevant part, "Prospective relief in any civil action with respect to prison

3 conditions shall extend no further than necessary to correct the violation of the Federal right of a

4 particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

5 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

6 violation of the Federal right, and is the least intrusive means necessary to correct the violation of

7 the Federal right."  18 U.S.C. § 3626(a)(1)(A).

8    The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff

9 seeks to remedy in his motion bears no relation to the claim that Defendant Gricewich falsified the

10 response to his group appeal in retaliation for Defendant filing grievances and a civil action.  Lyons,

11 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142,

12 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107 (1998).  Because

13 the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis

14 upon which to award Plaintiff injunctive relief.  Steel Co., 523 U.S. at 102-103.  In addition the relief

15 sought would not remedy the violation of the Federal right at issue here, and the Court cannot grant

16 the requested relief.

17    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief

18 be denied.

19    These findings and recommendations will be submitted to the United States District Judge

20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

21 days after being served with these findings and recommendations, Plaintiff may file written

22 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

23 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

24 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

25 1153 (9th Cir. 1991).

26    IT IS SO ORDERED.

27  **Dated:   November 8, 2011**          **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE
28