# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>         Plaintiff,<br><br>   v.<br><br>A. HEDGPETH, et al.,<br><br>         Defendants.<br> _____ / | CASE NO. 1:09-cv-02040-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 24) |

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 15, 2011, an order issued adopting findings and recommendations and denying Plaintiff's motion for injunctive relief. On January 9, 2012, Plaintiff filed a motion for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).  Where none of these factors is present the motion is properly denied. <u>Fuller v. M.G. Jewelry</u>, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

1  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
2  omitted).  The moving party "must demonstrate both injury and circumstances beyond his control
3  . . . ." Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in
4  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
5  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
6  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

7  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
8  unless the district court is presented with newly discovered evidence, committed clear error, or if
9  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
10 present evidence for the first time when they could reasonably have been raised earlier in the
11 litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
12 2009) (internal quotations marks and citations omitted) (emphasis in original).

13 As Plaintiff was informed in the findings and recommendations issued November 9, 2011,
14 for each form of relief sought in federal court, Plaintiff must establish standing.  Mayfield v. United
15 States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010).  The case or
16 controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in
17 his motion bears no relation to the claim that Defendant Gricewich falsified the response to his group
18 appeal in retaliation for Defendant filing grievances and a civil action. 18 U.S.C. § 3626(a)(1)(A);
19 also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a
20 Better Env't, 523 U.S. 83, 102-04, 107 (1998).  In addition the relief sought would not remedy the
21 violation of the Federal right at issue here, and the Court cannot grant the requested relief. 18 U.S.C.
22 § 3626(a)(1)(A).  Plaintiff's motion is devoid of any ground entitling him to reconsideration.

23 Accordingly, Plaintiff's motion for reconsideration, filed January 9, 2012, is HEREBY
24 DENIED.

25 IT IS SO ORDERED.

26 **Dated:   January 12, 2012**           /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE
27
28