UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>B. GRICEWICH, et al.,<br><br>　　　　　　Defendants. | Case No.: 1:09-cv-002040-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 35) |

**Findings and Recommendations**

### I.　Background

Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. This action is proceeding on the first amended complaint, filed on October 4, 2010, against Defendant Gricewich for retaliation in violation of the First Amendment.

On September 20, 2012, Defendant Gricewich filed a motion to dismiss for failure to state a claim and for qualified immunity. Plaintiff filed an opposition on January 22, 2013, and Defendant replied on January 29, 2013. The motion is deemed submitted. Local Rule 230(l).

### II.　First Amended Complaint Allegations

Plaintiff currently is housed at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue occurred while Plaintiff was housed at Kern Valley State Prison

1

("KVSP"). Plaintiff brings this action against Defendant Gricewich, an Appeals Coordinator and Correctional Counselor II at KVSP. Plaintiff alleges that Defendant Gricewich deliberately violated Plaintiff's First Amendment rights by falsifying a second level appeal response in retaliation for multiple staff complaints, a civil complaint and notices filed against her. Plaintiff contends that he objected to Defendant Gricewich investigating his 602 appeal, believing Defendant Gricewich had a conflict of interest because she is a defendant in one of Plaintiff's civil complaints. Plaintiff further alleges that on March 7, 2008, Defendant Gricewich falsified her Second Level Response because Plaintiff had repeatedly complained about Defendant Gricewich's alleged unlawful acts to her immediate supervisors. Plaintiff seeks compensatory and punitive damages.

### III.    Motion to Dismiss Legal Standard

In considering a motion to dismiss for failure to state a claim, the court generally considers only the contents of the complaint and accepts as true the facts alleged in the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint necessarily relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider certain materials, such as documents attached to the complaint, without converting the motion to dismiss into a motion for summary judgment). Additionally, the court construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Id.

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)). While accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief. Maya v. Centex Corp., 658 F.3d 1060, 1067-68 (9th Cir. 2011).

**IV. Argument**

**A. Defendant's Motion to Dismiss**

Defendant Gricewich argues that Plaintiff's complaint should be dismissed because (1) Plaintiff's allegations are conclusory and he fails to allege facts sufficient to establish all the elements necessary for his retaliation claim; (2) the exhibits attached to Plaintiff's complaint contradict his allegations that Defendant Gricewich took any adverse action against him; (3) Plaintiff fails to allege facts showing that his complaints were substantial or motivating factors underlying Defendant Gricewich's actions or that Defendant Gricewich would not have taken the same actions in their absence; (4) Defendant Gricewich's actions did not chill Plaintiff's exercise of his First Amendment rights; and (5) Defendant Gricewich is entitled to qualified immunity.

**B. Plaintiff's Opposition[1]**

Plaintiff counters that (1) this Court has already determined that he stated a claim against Defendant Gricewich for retaliation in violation of the First Amendment; (2) he has established the five basic elements to state a retaliation claim against Defendant Gricewich; (3) he is entitled to discovery prior to resolution of Defendant's motion to dismiss; (4) Defendant Gricewich has misrepresented the facts to veil collusion regarding her retaliation; (5) Plaintiff has laid the foundation to establish a cause of action; and (6) Defendant Gricewich is not entitled to qualified immunity.

**C. Discussion**

**1. First Amendment Retaliation Claim**

Within the prison context "a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

---

[1] At the outset of his opposition, Plaintiff objects to submitting his opposition because he was denied law library access and did not have his legal property. However, Plaintiff also filed a substantive opposition to Defendant's motion to dismiss, which included a memorandum of points and authorities. (ECF No. 46.) Plaintiff's objections are OVERRULED. As is clear from the record in this action, the Court has allowed Plaintiff necessary and appropriate extensions of time. If Plaintiff required additional time to oppose the motion, he should have filed a timely request. Although Plaintiff filed a request for extension of time dated December 20, 2012, the request was not received by the Court until February 1, 2013. (ECF No. 48.) As the Court received the request well after Plaintiff filed a substantive opposition to Defendant's motion to dismiss, the request for an extension of time was moot and therefore denied. (ECF No. 50.)

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (quoting Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293 (1995)). The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

In his first amended complaint, Plaintiff alleges that Defendant Gricewich retaliated against him by falsifying a second level appeal response because Plaintiff filed multiple staff complaints and a lawsuit against her. (ECF No. 12, p. 6.) Plaintiff contends that his right to petition the Court and complain was violated by Defendant Gricewich's unlawful falsification of her second level response. (ECF No. 12, p. 7.) In particular, Plaintiff contends that Defendant Gricewich was assigned to investigate Plaintiff's group appeal at the second level and in March 2008 she falsified her appeal findings in retaliation for multiple staff complaints, a civil rights action and constructive notices that Plaintiff filed complaining about Defendant Gricewich. (ECF No. 12, pp. 6-7.) Plaintiff submits several documents in support of his claim that Defendant Gricewich falsified her response.

### 2. Sufficiency of Factual Allegations

Defendant argues that Plaintiff's allegations are conclusory and contradictory and therefore Plaintiff fails to establish all the necessary elements of his claim. (ECF No. 35-1, p. 6.) Plaintiff counters that the Court has already determined at the screening portion of the initial proceedings that Plaintiff's first amended complaint asserted sufficient factual allegations that plausibly support the elements of a First Amendment Claim. (ECF No. 46, p. 10.)

The principle that allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955). To show that Plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. Id. "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In this instance, the Court previously determined that Plaintiff provided sufficient factual allegations to state a claim against Defendant Gricewich. Again, despite Defendant's assertion that Plaintiff's allegations are merely conclusory, the Court finds that Plaintiff has pled sufficient factual content as to give Defendant Gricewich "fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. As noted above, Plaintiff has alleged that Defendant Gricewich investigated his appeal at the second level and falsified her findings in retaliation for Plaintiff filing staff complaints and a lawsuit against her.

### 3. Contradictory Exhibits

Defendant Gricewich next argues that Plaintiff's own exhibits establish that Defendant Gricewich did not provide any false information in the Second Level Response. Defendant Gricewich therefore concludes that Plaintiff fails to allege any facts showing that Defendant Gricewich took any "adverse action."

As noted above, on a Rule 12(b)(6) motion to dismiss, the Court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to Plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the Court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint, unwarranted deductions of fact or unreasonable inferences. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

According to the exhibits, on November 16, 2007, Plaintiff filed a group prison grievance complaining that on October 26, 2007, B-facility was placed on a modified program for "unknown reasons," which prevented Plaintiff and other inmates from working in satellite dining halls and using the gym. (ECF No. 12, pp. 14-19.) Sergeant Doria investigated Plaintiff's claims and prepared a First Level Response denying Plaintiff's appeal. (ECF No. 12, pp. 22-23.) Plaintiff then submitted his appeal to the second level for review. Defendant Gricewich was assigned to investigate Plaintiff's appeal at the second level. Following the investigation, Chief Deputy Warden J. Castro prepared the Second Level Response and partially granted Plaintiff's appeal. (ECF No. 12, pp. 20-21.)

Plaintiff appears to base his complaint on the contention that Defendant Gricewich falsely stated in her second level investigation that "Facility B was not under an official modified program on the date in question as there are no Program Status Reports (PSR) corresponding with October 26, 2007." (ECF No. 12, pp. 7, 21.) Plaintiff's exhibits include PSRs dated November 1, November 7, November 8 and November 18, 2007. (ECF No. 12, pp. 32, 35-37.)

Defendant Gricewich contends that none of the PSRs was dated October 26, 2007. Defendant Gricewich also contends that while the November 1, 2007 PSR indicates that prison officials received information that inmates were conspiring to introduce narcotics and contraband into the prison on October 26, 2007, the PSR was not created on or dated October 26, and the plan was not implemented until October 27, 2007. Defendant therefore concludes that her statement that she "located no PSRs dated October 26, 2007 is accurate." (ECF No. 35-1, p. 7.)

Although Defendant Gricewich correctly notes that none of the PSRs are dated October 26, 2007, the November 1, 2007 PSR clearly states the effective date of the plan as October 26, 2007. (ECF No. 12, p. 32, Ex. IV.) Further, the "REMARKS" section of the document includes the following paragraph:

> On Friday, October 26, 2007, at approximately 0800 hours, information was received that Inmates are conspiring to introduce narcotics and contraband into Kern Valley State Prison. *The entire institution was placed on modified program excluding Facility E.* An institutional search plan was developed and implemented on Saturday October 27, 2007.

(ECF No. 12, p. 32, Ex. IV (emphasis added).) Based on the plain language of the PSR, it appears that KVSP was placed on modified program on October 26, 2007. Defendant Gricewich's argument regarding an effective date of October 27, 2007 appears to relate solely to the implementation of the institutional search plan, not implementation of the modified program. Accordingly, the Court does not find that Plaintiff's exhibits contradict his claims regarding the inaccuracy of Defendant Gricewich's statement.

### 4. Substantial or Motivating Factor Underlying Defendant's Conduct

Defendant Gricewich next argues that Plaintiff alleges no facts showing that his complaints and a lawsuit were substantial or motivating factors for the alleged false statement. To survive a motion to dismiss, a plaintiff must plead enough facts to plausibly establish a claim that defendant

6

engaged in retaliatory actions. See Iqbal, 556 U.S. at 678. A retaliation claim is not plausible if there are "more likely explanations" for the action. Id. at 681 (given more likely explanations for detention, factual allegations did not plausibly establish discriminatory purpose). "When the causation element of *Rhodes* is combined with the pleading requirements of *Iqbal*, it is apparent that to state a retaliation claim a prisoner must plead sufficient facts to make plausible a claim that the defendants' actions were motivated by a desire to retaliate for his exercise of a constitutional right, rather than by some other motive." Yelenich v. Cate, 2011 WL 1100124, *2 (N.D. Cal., Mar.23, 2011).

Here, Plaintiff alleged that Defendant Gricewich retaliated against him by submitting false findings at the second level of Plaintiff's appeal because he had filed numerous staff complaints and a lawsuit against Defendant Gricewich. The Court takes judicial notice of the lawsuit against Defendant Gricewich, which is identified as Quezada v. Gricewich, et al., 1:06-cv-01088-OWW-GBC, filed on August 18, 2006.[2] According to the docket, Defendant Gricewich was not dismissed from that civil action until December 21, 2009, and the civil rights claim against her was pending during the time period at issue in this action. Accordingly, Plaintiff has pled sufficient facts that Defendant Gricewich's actions were motivated by a desire to retaliate and not some other motive. Given the Court's earlier determination regarding the effective date of the modified program, Defendant Gricewich's assertion that her findings were accurate and therefore she would not have made different findings absent retaliatory intent is not persuasive.

### 5. Chilling of Speech

Defendant Gricewich next contends that Plaintiff has not alleged sufficient facts demonstrating that Defendant Gricewich's alleged conduct prevented or chilled any protected speech. Defendant Gricewich argues that the lawsuits filed by Plaintiff after the allegedly retaliatory act show that his speech was not chilled. (ECF No. 35-1, p. 9.) The Court disagrees.

In determining whether a plaintiff states a retaliation claim, the question is not whether the plaintiff's speech was actually chilled. Brodheim, 584 F.3d at 1271. The chilling inquiry is governed by an objective standard; "a plaintiff does not have to show that his speech was actually inhibited or

---

[2] The Court may properly take judicial notice "of court findings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

suppressed, but rather that the adverse action at issue would chill *or* silence a person of ordinary firmness from future First Amendment activities." Id. (internal citations and quotations omitted; emphasis in original); Rhodes, 408 F.3d at 568-69. A plaintiff does not have to demonstrate that his speech was actually inhibited or supressed because it "would be unjust" to "allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." Rhodes, 408 F.3d at 569; Brodheim, 584 F.3d at 1271. Accordingly, the fact that Plaintiff filed additional lawsuits does not demonstrate that there was no chilling of protected speech.

### 6. Qualified Immunity

As a final argument, Defendant Gricewich asserts that she is entitled to qualified immunity.

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al Kidd, 131 S. Ct. 2074, 2085 (2011) (citations omitted). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155 (2001) overruled in part by Pearson v. Callahan, 555 U.S. at 236, 129 S.Ct. at 818. The court determines if the facts as alleged state a violation of a constitutional right and if the right was clearly established at the time of the challenged conduct. Ashcroft, 131 S.Ct. at 2080. This does not require that the same factual situation must have been decided, but that existing precedent would establish the statutory or constitutional question beyond debate. Id. at 2083; Mattos v. Agarano, 661 F.3d 433, 442 (9th Cir. 2011). The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't., 556 F.3d 1075, 1085 (9th Cir. 2009)). District courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236, 129 S.Ct. at 818.

Defendant Gricewich asserts that she is entitled to qualified immunity because none of her actions amounted to a constitutional violation. (ECF No. 35-1, p. 11.) At this stage of the action, Defendant's argument is unsupported given the Court's determination that Plaintiff has stated a claim against her for a violation under the First Amendment to the United States Constitution. Accordingly, there is no basis to determine, at this stage, that Defendant Gricewich is entitled to qualified immunity.

### V.  Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. Defendant's motion to dismiss for failure to state a claim, filed September 20, 2012, be DENIED; and

2. Defendant's motion to dismiss based upon qualified immunity be DENIED without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 18, 2013**          /s/ Barbara A. McAuliffe          
UNITED STATES MAGISTRATE JUDGE

9