UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>         Plaintiff,<br><br>     v.<br><br>B. GRICEWICH, et al.,<br><br>         Defendants. | Case No.: 1:09-cv-02040-LJO-BAM (PC)<br><br>ORDER ADOPTIONG FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF Nos. 35, 51) |

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 20, 2009.

On July 18, 2013, the Magistrate Judge issued Findings and Recommendations that Defendant Gricewich's motion to dismiss be denied.  The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within fourteen days.  (ECF No. 51.) On September 9, 2009, Defendant Gricewich filed objections.  (ECF No. 56.)

In her objections, Defendant Gricewich claims that the Magistrate Judge erred by accepting Plaintiff's conclusory allegation that Defendant Gricewich intentionally falsified her investigation findings.  In the motion to dismiss, the crux of Defendant Gricewich's argument was that Plaintiff's exhibits to his complaint showed that Defendant Gricewich's reported finding that "no PSR dated October 26, 2007 existed was accurate" and she therefore could not have taken any adverse action

1  against Plaintiff.  (ECF No. 35-1, pp. 6-7.)  The Magistrate Judge properly reviewed the exhibits in
2  question and determined that although none of the PSRs were *dated* October 27, 2007, at least one of
3  those PSRs identified an *effective date* of October 26, 2007.  (ECF No. 51, pp. 5-6.)  The Court
4  declines to exercise its discretion to consider Defendant's arguments regarding the inferences that
5  could or could not be supported by the exhibits that are asserted for the first time in the objections to
6  the findings and recommendations.  Espinosa -Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th
7  Cir. 2005); United States v. Howell, 231 F.3d 615, 621-622 (9th Cir. 2000).
8      Defendant Gricewich next contends that the Magistrate Judge erred in inferring that Plaintiff's
9  lawsuit against her provided retaliatory impetus for her actions.  As noted by the Magistrate Judge,
10 Plaintiff alleged that Defendant Gricewich retaliated against him because of staff complaints and a
11 lawsuit that he filed against her.  The Magistrate Judge then assessed whether or not the lawsuit was
12 pending at the time of the alleged retaliation.  Defendant Gricewich now argues that there is no
13 indication that she was *aware* that she was a named defendant in the action.  (ECF No. 56.)
14     Plaintiff's allegations against Defendant Gricewich are sufficient to satisfy the five basic
15 elements of a viable claim of First Amendment retaliation.  Plaintiff has alleged that Defendant
16 Gricewich falsified her findings at the second level of Plaintiff's appeal because of Plaintiff's staff
17 complaints and lawsuit against her and that this action chilled his exercise of his First Amendment
18 rights and did not reasonably advance a legitimate penological purpose.  Rhodes v. Robinson, 408
19 F.3d 559, 568 (9th Cir. 2005).  The Magistrate Judge's determination that the pending lawsuit
20 suggested a motive to retaliate against Plaintiff was not error.
21     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de
22 novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and
23 recommendations to be supported by the record and by proper analysis.
24      Accordingly, IT IS HEREBY ORDERED that:
25     1.   The findings and recommendations issued on July 18, 2013, are adopted in full;
26     2.   Defendant's motion to dismiss for failure to state a claim, filed September 20, 2012, is
27 DENIED; and
28

3.   Defendant's motion to dismiss based on qualified immunity is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 13, 2013**                    **/s/ Lawrence J. O'Neill**
                                                                                  UNITED STATES DISTRICT JUDGE