UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. GRICEWICH, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:09-cv-02040-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION OF ABEYANCE TO SUSPEND THE SCHEDULING ORDER (ECF No. 61.) |

　　　　Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint, field on October 4, 2010, against Defendant Gricewich for retaliation in violation of the First Amendment.  On October 2, 2013, the Court issued a Discovery and Scheduling Order.  Pursuant to that order, the deadline to amend pleadings is April 2, 2014, the deadline to complete discovery is June 2, 2014, and the deadline to file dispositive motions is August 11, 2014.  (ECF No. 60.)

　　　　On October 18, 2013, Plaintiff filed the instant motion requesting that the Court either suspend the Discovery and Scheduling Order until he obtains his stored property or order the release and return of his property.  (ECF No. 61.)  The Court has denied Plaintiff's request for an order directing prison officials to return his stored legal property on multiple occasions, including his request for

1

reconsideration by the District Court judge.[1]  (ECF Nos. 19, 21, 25.)  The Court again declines to issue the requested order for access to his legal property.

At this time, the Court also declines to suspend the Discovery and Scheduling Order in its entirety based on Plaintiff's alleged inability to access his stored legal property.  Plaintiff has not identified a specific discovery or scheduling deadline that he cannot meet and the Court notes that there are no immediate deadlines requiring action by Plaintiff.  Plaintiff's general reference to his need to prepare a defense to a dispositive motion (including a motion to dismiss for failure to exhaust administrative remedies) or to respond to discovery requests is unavailing.  No dispositive motions have been filed and there is no indication that Plaintiff has been served with discovery requests.  In the event Plaintiff is unable to meet a specific, impending deadline, he may seek an extension of time or, as appropriate, a modification of the discovery and scheduling order pursuant to Federal Rule of Civil Procedure 16.

To the extent that Plaintiff relies on Federal Rule of Civil Procedure 56(d) to support his motion, this reliance is misplaced.  Rule 56(d) applies when a party cannot present facts in opposition to a motion for summary judgment. Fed. R. Civ. P. 56(d).  As noted above, no dispositive motions have been filed.

Plaintiff also has not identified any specific documents that he requires to meet any of the discovery or scheduling deadlines.  It is apparent from his moving papers, which exceed 200 pages and include Plaintiff's filings from other cases and courts, that Plaintiff has access to certain of his legal property.

---

[1] Despite this Court's repeated statements that it lacks jurisdiction to issue the requested relief, Plaintiff repeatedly has moved for an order for access to his legal property, arguing that this court has jurisdiction to review agency action pursuant to the Administrative Procedures Act ("APA").  Plaintiff believes that 28 U.S.C. § 1331 extends this Court's jurisdiction to the APA and allows for judicial review of agency action.  To support this belief, Plaintiff cites Kane v. Winn, 319 F.Supp.2d 162, 201 (D. Mass. 2004).  Kane states that 28 U.S.C. § 1331 provides subject matter jurisdiction for a review proceeding under the APA, 5 U.S.C. § 701-706.  Id.  Plaintiff has not explained how the APA, 5 U.S.C. § 701-706, applies to this case.  The APA provides a right of review to persons adversely affected or aggrieved by federal agency action. 5 U.S.C. § 702. There are no allegations in this case that any agency or officer of the United States engaged in agency action within the meaning of the APA.  Rather, Plaintiff is alleging that state officials violated a California Department of Corrections and Rehabilitation regulation related to stored legal property.  (ECF No. 61, p. 13.)

1     For these reasons, the Court does not find good cause to hold the Discovery and Scheduling Order in abeyance pending Plaintiff's access to his stored legal property.  Accordingly, Plaintiff's motion to suspend the scheduling order is DENIED.

IT IS SO ORDERED.

    Dated:   **November 18, 2013**           /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE