UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. GRICEWICH, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-02040-LJO-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 68) |

**I.    Background**

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint, filed on October 4, 2010, against Defendant Gricewich for retaliation in violation of the First Amendment.

On October 2, 2013, the Court issued a Discovery and Scheduling Order.  Pursuant to that order, the deadline to amend pleadings is April 2, 2014, the deadline to complete discovery is June 2, 2014, and the deadline to file dispositive motions is August 11, 2014.  (ECF No. 60.)

On December 2, 2013, Defendant filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies.  (ECF No. 63.)  Plaintiff's opposition to the motion to dismiss currently is due on February 13, 2014.  (ECF No. 66.)

1

On January 8, 2014, Defendant filed the instant motion to stay discovery until after resolution of the pending motion to dismiss. (ECF No. 68.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

**II.     Discussion**

On December 8, 2013, Plaintiff served Defendant with requests for production of documents. (Declaration of Chinn ("Chinn Dec.") ¶ 2, Ex. A.) Defendant's response is due on January 22, 2014. On December 18, 2013, Plaintiff served Defendant with interrogatories. (Chinn Dec. ¶ 3, Ex. B.) Defendant's response is due on February 3, 2014.

Defendant now requests an order staying discovery, relieving her from responding to the pending discovery requests until resolution of the motion to dismiss, and, if the Court denies the motion, granting Defendant forty-five days after the Court's ruling on the dispositive motion to respond to discovery.

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants). Federal Rule of Civil Procedure 26(c) authorizes "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense." Fed. R. Civ. P. 26(c). Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir.1987).

Here, the Court finds good cause to stay discovery pending resolution of Defendant's motion to dismiss. A stay is in the interest of judicial economy and will shield Defendant from the expense and burden of responding to discovery requests prior to resolution of the motion to dismiss. Plaintiff will not be prejudiced by the brief stay because discovery will be reopened if the motion to dismiss is denied. Additionally, there is no indication that Plaintiff requires any discovery to address the pending motion to dismiss for failure to exhaust administrative remedies. The Court has reviewed Plaintiff's discovery requests and none of the requests relate to the issue of exhaustion. Plaintiff's document requests do not seek copies of any his appeals or responses and Plaintiff's interrogatories do not relate

to exhaustion of his administrative remedies in this action.  Accordingly, Defendant's request for a stay of discovery shall be granted.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to stay discovery pending Defendant's motion to dismiss is GRANTED;
2. Discovery in this action is STAYED pending resolution of the motion to dismiss filed by Defendant on December 2, 2013; and
3. If Defendant's motion to dismiss is denied, Defendant's responses to Plaintiff's pending discovery requests shall be due within forty-five days of the Court's ruling on the motion to dismiss.

IT IS SO ORDERED.

Dated: **January 21, 2014**         /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE

3