# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | Case No. 1:09-cv-02040-LJO-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S REQUEST TO CONVERT DEFENDANT'S RULE 12(B) MOTION INTO A MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 |
| v. | |
| B. GRICEWICH, et al., | |
| Defendants. | COMPLIANCE WITH LR 260 REQUIRED (ECF No. 79) |

Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. This action proceeds on Plaintiff's amended complaint against Defendant Gricewich for retaliation in violation of the First Amendment of the United States Constitution.

On December 2, 2013, Defendant Gricewich filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Following an extension of time, Plaintiff filed a response to the motion on March 21, 2014. Local Rule 230(*l*). Defendant Gricewich did not file a reply. Instead, on April 11, 2014, Defendant Gricewich filed the instant request to convert the Rule 12(b) motion into a motion for summary judgment under Rule 56. Defendant Gricewich's request is based on the recent decision of the United States Court of Appeals for the Ninth Circuit in *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).

1  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a
2  decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the
3  proper procedural device for raising the issue of administrative exhaustion. *Albino*, 2014 WL
4  1317141, at *1. Following the decision in *Albino*, Defendant Gricewich may raise the issue of
5  exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure
6  to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*,
7  2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no
8  longer the proper procedural device for raising the issue of exhaustion. *Id.*

9  Although converting a motion is generally disfavored, in this limited circumstance, the
10 Court will convert Defendant Gricewich's pending motion to dismiss under Rule 12(b) into a
11 motion for summary judgment under Rule 56. Converting the motion supports judicial economy
12 and promotes efficiency as the parties have submitted extensive briefing and voluminous exhibits.
13 However, to comply with Rule 56 and the Local Rules, Defendant Gricewich will be required to
14 submit a separate statement of undisputed material facts. Local Rule 260. Thereafter, Plaintiff
15 will be given an opportunity to file supplemental oppositional briefing that complies with Rule 56,
16 Local Rule 260 and the *Rand* notice filed by Defendant Gricewich on April 11, 2014. *Rand v.*
17 *Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

18  Accordingly, it is HEREBY ORDERED that:

19  1. Defendant Gricewich's request to convert the Rule 12(b) motion to dismiss for
20     failure to exhaust administrative remedies into a Rule 56 motion for summary
21     judgment is GRANTED;
22  2. Defendant Gricewich shall file a separate statement of undisputed material facts in
23     support of the motion for summary judgment within thirty (30) days.
24  3. Plaintiff shall file any supplemental opposition to the motion for summary
25     judgment, including an opposition to Defendant Gricewich's separate statement of
26     undisputed facts in compliance with Local Rule 260(b), within thirty (30) days after
27     service of Defendant Gricewich's separate statement of undisputed material facts;
28

    4.      Defendant Gricewich shall file any reply within fourteen (14) days after service of Plaintiff's supplemental opposition; and

    5.      The stay of discovery granted by the Court on January 21, 2014, shall remain in effect pending the Court's ruling on the motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **April 14, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE