UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>   Plaintiff,<br><br>  v.<br><br>B. GRICEWICH, et al.,<br><br>   Defendants. | Case No.: 1:09-cv-02040-LJO-BAM PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE SCHEDULE<br>(ECF No. 74) |

**I. Introduction**

Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. This action proceeds on Plaintiff's amended complaint against Defendant Gricewich for retaliation in violation of the First Amendment of the United States Constitution.

Currently pending before the Court is Defendant's motion to modify the discovery and scheduling order filed on March 21, 2014. (ECF No. 74.) Plaintiff did not file a response. The motion is deemed submitted. Local Rule 230(l).

**II. Discussion**

Defendant Gricewich answered the complaint on September 27, 2013. Thereafter, on October 2, 2013, the Court issued a Discovery and Scheduling Order, which set the discovery deadline as June 2, 2014, and the dispositive motion deadline as August 11, 2014. (ECF No. 60.)

1

1  On December 2, 2013, Defendant Gricewich filed a motion to dismiss for failure to exhaust
2 administrative remedies pursuant to Federal Rule of Civil Procedure 12(b).  (ECF No. 63.)  On
3 January 1, 2014, the Court granted Defendant's motion for a stay of discovery pending resolution of
4 the motion to dismiss.  (ECF No. 69.)  Following Plaintiff's second extension of time to oppose
5 Defendant's motion to dismiss, Defendant Gricewich filed the instant motion to modify the Discovery
6 and Scheduling Order and vacate the discovery and dispositive motion deadlines pending resolution of
7 the motion to dismiss.  (ECF No. 74.)

8  On March 21, 2014, Plaintiff filed his opposition to Defendant Gricewich's unenumerated Rule
9 12(b) motion to dismiss.  (ECF No. 75.)  On March 28, 2014, the Court granted Defendant Gricewich
10 an extension of time to April 11, 2014, to file a reply.  (ECF No. 78.)

11  Prior to Defendant Gricewich's deadline to reply, the United States Court of Appeals for the
12 Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with
13 respect to the proper procedural device for raising the issue of administrative exhaustion.  Albino,
14 2014 WL 1317141, at *1. The Ninth Circuit determined that an unenumerated Rule 12(b) motion is no
15 longer the proper procedural device for raising the issue of exhaustion. Albino, 2014 WL 1317141, at
16 *4 (quotation marks omitted).  Instead, a defendant properly may raise the issue of exhaustion in either
17 (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the
18 face of the complaint, or (2) a motion for summary judgment. Id.

19  On April 14, 2014, the Court granted Defendant Gricewich's request to convert the pending
20 unenumerated Rule 12(b) motion into a motion for summary judgment pursuant to Rule 56.  The
21 Court set deadlines for filing a separate statement of undisputed facts, Plaintiff's supplemental
22 opposition to the motion for summary judgment and any reply.  Additionally, the Court extended the
23 stay of discovery.  (ECF No. 81.)

24  **A.  Legal Standard**

25  Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only
26 for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard
27 "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth

28

Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.

**B. Analysis**

The Court finds good cause to modify the Discovery and Scheduling Order and to vacate the discovery deadline and dispositive motion deadline.  The parties have been diligent in this matter, and vacating the deadlines until after resolution of Defendant's motion for summary judgment promotes the interests of economy and efficiency.

Defendant requests that the discovery deadline be extended until sixty days after the Court issues an order regarding Defendant's motion, and the dispositive motion be extended seventy days after that.  The Court declines Defendant's invitation to extend the discovery and dispositive motion deadlines at this time.  As an alternative, the Court shall reset the deadlines as necessary and appropriate following resolution of Defendant's motion for summary judgment.

**III. Conclusion and Order**

For good cause appearing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to modify the discovery and scheduling order is GRANTED;
2. The discovery and dispositive motion deadlines set forth in the October 2, 2013 Discovery and Scheduling Order are VACATED; and
3. As appropriate and necessary, the Court shall reset the discovery and dispositive motion deadlines following resolution of Defendant's motion for summary judgment based on the failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:  **April 18, 2014**           /s/ Barbara A. McAuliffe
                               UNITED STATES MAGISTRATE JUDGE