# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>B. GRICEWICH, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-02040-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br>(ECF Nos. 63, 83) |

### I.     Procedural Background

Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 20, 2009. This action proceeds on Plaintiff's first amended complaint against Defendant Gricewich for retaliation in violation of the First Amendment of the United States Constitution. Discovery opened in this matter on October 2, 2013.  (ECF No. 60.)

On December 2, 2013, Defendant Gricewich filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).  Following an extension of time, Plaintiff filed a response to the motion on March 21, 2014. Defendant Gricewich did not file a reply. Instead, on April 11, 2014, Defendant Gricewich filed a request to convert the Rule 12(b) motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. Defendant Gricewich's request was based on the decision of the United States Court of Appeals for the Ninth Circuit in

*Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

Following the decision in *Albino*, Defendant Gricewich properly may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*, 747 F.3d at 1169. An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. *Id.*

Pursuant to Defendant Gricewich's request, the Court converted the motion to dismiss under Rule 12(b) into a motion for summary judgment under Rule 56. To comply with Rule 56 and the Local Rules, Defendant Gricewich was required to submit a separate statement of undisputed material facts. Local Rule 260. Thereafter, Plaintiff was given an opportunity to file supplemental oppositional briefing that complied with Rule 56, Local Rule 260 and the *Rand* notice filed by Defendant Gricewich on April 11, 2014. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

On May 15, 2014, Defendant Gricewich filed a statement of undisputed facts in support of the motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 83.) Following an extension of time, Plaintiff filed a supplemental opposition to the motion for summary judgment, a response to Defendant's statement of undisputed facts, and supporting exhibits on July 3, 2014. (ECF Nos. 87, 88.) Defendant Gricewich did not file a reply and the motion is deemed submitted. Local Rule 230(*l*).

**II.     Defendant's Motion for Summary Judgment**

**A. Legal Standard for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, the court is to liberally construe the filings and motions of pro se litigants. *Thomas v. Ponder*, 611 F.3d

2

1144, 1150 (9th Cir. 2010). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations and citations omitted).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.

In arriving at this order, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**B. Summary of Relevant First Amended Complaint Allegations**

Plaintiff alleges that Defendant B. Gricewich, the Appeals Coordinator for Kern Valley State Prison ("KVSP"), was assigned to investigate Plaintiff's group appeal at the Second Level of Review. On March 7, 2008, Defendant Gricewich allegedly falsified her Second Level Response to Plaintiff's appeal. Plaintiff contends that Defendant Gricewich was motivated by retaliation because Plaintiff had repeatedly complained about her to her immediate supervisors. Plaintiff also alleges that Defendant Gricewich falsified the Second Level Response in retaliation for prior multiple staff complaints and a section 1983 complaint. Plaintiff reportedly objected to having Defendant Gricewich appointed to investigate his appeal based on a conflict of interest because Defendant Gricewich was a defendant in one of Plaintiff's civil actions.

**C. Summary of Defendant Gricewich's Relevant Facts[1]**

1. Plaintiff is an inmate under the care and custody of the California Department of Corrections and Rehabilitation ("CDCR")

2. At all times relevant to this lawsuit, Defendant Gricewich was an appeals reviewer at KVSP, who was assigned to investigate Plaintiff's group appeal [grievance KVSP-07-02475] at the second level of review.

3. Plaintiff claims that on March 7, 2008, Gricewich, the individual assigned to investigate Plaintiff's grievance at the second level of review, caused his grievance to be denied at the second level, out of retaliation for prior grievances and lawsuits.

4. Plaintiff filed this action on November 20, 2009.

5. The Office of Appeals (OOA)'s records disclose that between January 21, 2008, and November 20, 2009, Plaintiff submitted six inmate appeals that were accepted and decided by the OOA at the third level of review. Those grievances are identified KVSP-07-02475, KVSP-08-00794, KVSP-08-01052, KVSP-08-01557, KVSP-09-00429, and KVSP-09-00244. (ECF No. 63-3, Zamora Dec. ¶ 4; ECF No. 63-4, Def's Exs. 1-6.)

6. Four of the six inmate appeals that were accepted and decided by the OOA at the third level of review were initiated at the first level of review after March 7, 2008. Those grievances are identified as KVSP-08-01052, KVSP-08-01557, KVSP-09-00429, and KVSP-09-00244. (ECF No. 63-4, Def's Exs. 3-6.)

7. Plaintiff submitted grievance KVSP-07-02475 (OOA No. 0726339) to the first level of review on November 16, 2007. (ECF No. 63-4, Def's Ex. 1.)

8. KVSP-07-02475 was processed as a group appeal.

9. The issue grieved in KVSP-07-02475 relates to an October 26, 2007 modified program that allegedly caused Plaintiff, a level IV inmate, to lose his prison job in the B-facility dining hall to level I inmates housed in the Gym. Plaintiff requested immediate reinstatement of his prison job. (ECF No. 63-4, Def's Ex. 1.)

10. On January 5, 2008, the first level of review denied Plaintiff's grievance. The

---

[1] ECF No. 83.

4

response explained that the increased housing population required use of the Gym as a temporary housing facility which, for security reasons, precluded level IV inmates from continuing to work in the dining hall. (ECF No. 64-4, Def's Ex. 1.)

11. Dissatisfied with the 1st level response, on January 21, 2008, Plaintiff submitted grievance KVSP-07-02475 to the second level of review, asserting that level I/II inmates were not qualified to fill the jobs previously held by level IV inmates.

12. On February 6, 2008, the appeal was assigned to Gricewich for review. Plaintiff's second level appeal was reviewed and decided by Chief Deputy Warden J. Castro. On March 4, 2008, Castro partially granted Plaintiff's grievance on the following bases: (1) Facility B was not under an official modified program on the date in question because there were no Program Status Report (PSR) corresponding with October 26, 2007; (2) any lockdown referenced by Plaintiff did not exceed the 24-72 hour limit: (3) the temporary inability of level IV inmates to attend their prions jobs was justified because "operational needs may always override a program assignment," and "work time credit is a privilege, not a right;" and (4) at the time of Plaintiff's appeal, the Facility B gym was being "deactivated," which would cause the inmates residing in the gym to be re-housed, and the work/training programs to resume. (ECF No. 63-4, Def's Ex. 1.)

13. Dissatisfied with the second level response, on March 12, 2008, Plaintiff appealed to the third (Director's) level of review contending that Gricewich conducted a "partial and biased" appeal investigation because she was a defendant in another civil lawsuit filed by Plaintiff. In support of his claim that Gricewich "falsified" her findings, Plaintiff attached four PSRs relating to log KVSP-OPS-07-051, dated November 1, 6, 8, and 18, 2007. (ECF No. 53-4, Def's Ex. 1.)

14. On July 14, 2009, the third level of review denied grievance KVSP-078-02475. In denying Plaintiff's grievance, the third level reviewer discussed the PSRs submitted by plaintiff. It noted that the PSRs indicated the institutional search program developed and implemented on October 27 resulted from information received on October 26 that inmates were conspiring to introduce narcotics and contraband into the prion. Based on this information, the modified program implemented on October 27 served the sound penological interest of promotion institutional safety and security. Therefore, Plaintiff's complaint that the lockdown was initiated

for "unknown reasons" was denied because it lacked merit. (ECF No. 63-4, Def's Ex. 1.)

15. The third level response does not discuss Gricewich or any retaliation claim. (ECF No. 63-4, Def's Ex. 1.)

16. Plaintiff submitted Grievance KVSP-08-00794 (OOA No. 0802529) for review at the first level on or around March 2, 2008. He grieved that he was unfairly sent away from his prion job on February 21, 2008, after refusing to wear a hairnet while working in the kitchen. (ECF No. 63-4, Def's Ex. 2.)

17. The third level reviewers denied grievance KVSP-08-00794 on November 3, 2008.

18. Grievance KVSP-08-01052 (OOA No. 0804291) is a group appeal grieving issues related to faulty toilets and the plumbing system. (ECF No. 63-4, Def's Ex. 3.)

19. Grievance KVSP-08-01052 was submitted for informal review on April 15, 2008. The third level reviewers denied grievance KVSP 08-01052 on November 20, 2008.

20. Plaintiff submitted grievance KVSP-08-01557 (OOA No. 0807990) for informal review on February 4, 2008. It grieved that he had not received a book that was purchased for him by family members outside of the institution. (ECF No. 63-4, Def's Ex. 4.)

21. The third level of review denied grievance KVSP-08-01557 on December 18, 2008. (ECF No. 63-4, Def's Ex. 4.)

22. On March 16, 2009, Plaintiff submitted grievance KVSP-09-00429 (OOA No. 0827017). Grievance KVSP-09-00429 is a group appeal grieving contaminants in the institution's water system. (ECF No. 63-4, Def's Ex. 5.)

23. The third level of review denied grievance KVSP-09-00429 on August 4, 2009. (ECF No. 63-4, Def's Ex. 5.)

24. Plaintiff submitted grievance KVSP-09-00244 (OOA No. 0828694) for first level review on February 6, 2009. Grievance KVSP-09-00429 is a group appeal grieving the denial of visitation rights on January 25, 2009. (ECF No. 63-4, Def's Ex. 6.)

25. The third level of review denied grievance KVSP-09-00244 on August 6, 2009. (ECF No. 63-4, Def's Ex. 6.)

///

6

**D. Exhaustion of Administrative Remedies**

Defendant Gricewich argues that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a) because he did not file any grievances pertaining to the retaliation claim at issue in this action.

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602 describing the problem and the action requested. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the Director's level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

1. Defendant's Position

Defendant Gricewich contends that Plaintiff did not exhaust any grievance pertaining to the retaliation claim at issue between March 7, 2008, and the date he initiated this action on November 20, 2009. During that time period, Plaintiff submitted four inmate grievances at KVSP that were exhausted through the third level of review: (1) KVSP-08-01052; (2) KVSP-08-01577; (3) KVSP-09-00429; and (4) KVSP-09-00244. KVSP-08-01052 is a group appeal related to faulty toilets and the plumbing system. (ECF No. 63-4, Def's Ex. 3.) KVSP-08-01577 is an individual appeal related to Plaintiff's failure to receive a book that was purchased for him by family members. (ECF No. 63-4, Def's Ex. 4.) KVSP-09-00429 is a group appeal related to contaminants in the institution's water system. (ECF No. 63-4, Def's Ex. 5.) KVSP-09-00244 is a

group appeal related to the denial of visitation rights on January 25, 2009. (ECF No. 63-4, Def's Ex. 6.) Defendant concludes that none of these grievances are related to the claims in this lawsuit and Plaintiff has therefore failed to exhaust his administrative remedies.

Defendant Gricewich also contends that grievance KVSP-07-0425, which complains at the third (Director's) level about her purported falsification at level two, does not exhaust Plaintiff's administrative remedies regarding his retaliation claim. First, the grievance was submitted to the first level of review on November 16, 2007, well before the alleged retaliatory action by Defendant Gricewich in March 2008. (ECF No. 63-4, Def's Ex. 1.) Second, the grievance does not relate to retaliation, but instead complains about an October 26, 2007 lockdown that interfered with Plaintiff's prison job in the Facility B dining hall. (Id.) Third, and finally, Defendant notes that Plaintiff complained at the third level review that Defendant Gricewich falsified her findings due to retaliatory animus, but asserts that this tangential comment at the third level of review failed to provide CDCR a "fair and full opportunity to adjudicate" the claim. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Defendant Gricewich also contends that the third level reviewers did not address Plaintiff's attempt to raise this as a new issue at the third level and did not address his comments about bias and retaliation. (ECF No. 63-4, Def's Ex. 1.)

2. Plaintiff's Position

Plaintiff's decision to file more than 1,000 pages of exhibits, supported by conclusory, broad-based, sweeping assertions against Defendant Gricewich and other prison officials is not well-taken. (ECF Nos. 76, 88.) It is difficult for the Court to distill this voluminous record into cogent and, more importantly, substantiated arguments. However, it is evident that Plaintiff does not dispute Defendant's primary contention that he failed to file a separate, stand-alone grievance pertaining to the allegations at issue in this action. That said, Plaintiff appears to assert four alternative theories to overcome summary judgment on exhaustion grounds.

First, Plaintiff contends that his administrative remedies were effectively unavailable based on a "pattern of retaliatory obstructions" of his administrative remedies by Defendant Gricewich and KVSP appeal coordinators and officials. (ECF No. 75, p. 1 and pp. 3-4, 21.[2]) Second,

---

[2]   Page references correspond to the Court's CM/ECF pagination.

Plaintiff contends that because the Court found he had stated a claim against Defendant Gricewich and accepted all material facts in his complaint as true, then he is deemed to have exhausted his administrative remedies as a matter of law. (ECF No. 75, pp. 2-3.) Third, Plaintiff contends that officials created a procedural trap by knowingly assigning Defendant Gricewich to his appeal. (ECF No. 75, pp. 22-25.) Fourth, and finally, Plaintiff contends that KVSP officials were afforded sufficient notice of Defendant Gricewich's affirmative misconduct, including through his submission of grievance KVSP-07-02475 in which they addressed his complaint against Defendant Gricewich on the merits. (ECF No. 75, pp. 12-15.)

### 3. Findings

The Court finds that Defendant Gricewich has shown that Plaintiff failed to exhaust his administrative remedies regarding his claim of retaliation. The burden therefore shifts to Plaintiff to submit admissible evidence demonstrating the existence of a material factual dispute precluding summary judgment on exhaustion grounds.

Plaintiff has not met his burden. Plaintiff's first argument that his administrative remedies were effectively unavailable is unsupported. The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," with the plaintiff bearing the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to exhaust excused where he took reasonable and appropriate steps to exhaust and was precluded, not through his own fault but by the Warden's mistake); *Brown v. Valoff*, 422 F.3d 926, 939-40 (9th Cir. 2005). Critically, at no point in his moving papers or exhibits has Plaintiff claimed that he attempted to submit a grievance regarding the retaliation at issue in this action, but, through no fault of his own, he could not exhaust his administrative remedies. In other words, Plaintiff never claims that he filed a grievance stating that Defendant Gricewich falsified her second level response in retaliation for Plaintiff's grievances or lawsuits against her and that this grievance was improperly screened out (or otherwise frustrated) by Defendant Gricewich or prison officials.

Plaintiff cannot defeat summary judgment by setting forth sweeping assertions that he has

been systematically subjected to improper screen-out tactics and that he has been subjected to underground obstructions to the administrative process, including confiscation of his appeals, appeals placed in limbo, or unfair advantages through stall tactics. (ECF No. 75, pp. 3-4; 12, 17, 21; ECF No. 87 and p. 27.) Plaintiff's more than 1000 pages of exhibits and declarations submitted in support of his supplemental opposition do not raise a genuine dispute of material fact. Alleged difficulties with other appeals do not demonstrate that administrative remedies were effectively unavailable.[3] Instead, certain of Plaintiff's exhibits provide concrete evidence that the grievance process was available and that Plaintiff was able to pursue grievances to the third level of review, including complaints against staff. For instance, in connection with his Exhibit 1, Plaintiff submitted a seven-page declaration and more than 100 pages of exhibits to argue that his administrative remedies were "systematically made unavailable" due to "improper screenouts" and that the process was ineffective, inadequate and futile based on systemic manipulations. (ECF No. 88, p. 2, Pl's Dec. ¶ 2.) However, as part of Exhibit 1, Plaintiff also included a third (Director's) level appeal decision regarding his grievance that Defendant Gricewich was using the screen-out process to deny him the right to submit appeals. Plaintiff's grievance was denied at the *third level* on May 17, 2007, based on a determination that there was "no evidence that support[ed his] contention that CC II Gricewich is using the screen-out process to deny him from submitting appeals." (ECF No. 88, p. 12.) Based on this evidence, a reasonable jury could not conclude that the grievance process was unavailable to him, particularly with regard to complaints against Defendant Gricewich.[4]

---

[3] In 2008, prisoners were required to file appeals within 15 working days of the event or decision being appealed. Cal. Code Regs., tit. 15, § 3084.6(c) (2008). Accordingly, Plaintiff's evidence regarding events in 2008, 2009, and 2010, which occurred well after expiration of the time limit to grieve Defendant Gricewich's alleged retaliation in March 2008, is not relevant. Fed. R. Evid. 401; ECF No. 88-1 and 88-2, Pl's Exs. 8, 10, A, D, E, F, and G. More importantly, Plaintiff's argument is undercut by grievances he successfully pursued to the third level of review after the alleged retaliation. (ECF No. 63-4; Def's Exs. 3-6.)

Additionally, Plaintiff's purported evidence from other inmates that their grievances were improperly screened out is not relevant and is disregarded. Fed. R. Evid. 401; ECF No. 88-1, Pl's Ex. 9. Further, the signatures of inmates are unsubstantiated and lack authentication. Fed. R. Evid. 901.

[4] Although Plaintiff's Exhibit 5 purports to be an improper rejection of a grievance against Defendant Gricewich, this assertion cannot be substantiated based on the evidence. The grievance submitted by Plaintiff related primarily to Plaintiff's complaint about a classification action that labeled him with disruptive prison gangs and allegedly hindered his programming. (ECF No. 88-1, Pl's Ex. 5, pp. 36-38.) Plaintiff included in his grievance a secondary issue

Plaintiff's alternative argument that any appeal he submitted would have been "futile" also is unpersuasive. Plaintiff's own evidence also demonstrates that he was able to pursue grievances prior to the alleged retaliation, including at least one against Defendant Gricewich, to the third level of review. (ECF No. 88, Pl's Ex. 1, p. 12, and Ex. 2, pp. 177-78, 203-04.) Plaintiff also successfully pursued other appeals, including group appeals, to the third level of review during the relevant time period and after the alleged retaliation. (ECF No. 64-4, Def's Exs. 3-6.)

Plaintiff additionally suggests that the administrative appeals process was rendered unavailable because of retaliation or threats of retaliation. (ECF No. 75, pp. 18-20.) This appears to be correlated to Plaintiff's argument that the Court found he stated a retaliation claim against Defendant Gricewich and therefore his administrative remedies are deemed exhausted.

On July 18, 2013, the undersigned Magistrate Judge found that Plaintiff had stated a claim against Defendant Gricewich for retaliation in violation of the First Amendment and recommended that Defendant's motion to dismiss for failure to state a claim be denied. (ECF No. 51.) The District Court judge adopted the Findings and Recommendations in full on September 13, 2013. (ECF No. 57.) For purposes of the motion to dismiss, the Court accepted as true the facts alleged in the complaint in order to determine whether Plaintiff had stated a plausible claim for relief based on retaliation. (ECF No. 51, p. 2.) However, nowhere in the Findings and Recommendations or the Order Adopting is a determination that Defendant Gricewich had, in fact, engaged in retaliation against Plaintiff. As such, Plaintiff's argument that Defendant Gricewich's retaliation or threat of retaliation prevented him from exhausting administrative remedies is unavailing. Similarly, the Court's acceptance of the facts alleged in the complaint as true, which is required at the pleading stage, does not mean that Plaintiff is deemed to have exhausted his administrative remedies. Plaintiff is subject to the burden of proof required by Rule 56.

Plaintiff also makes issue of the Court's finding that he had pled sufficient factual content "to give Defendant Gricewich 'fair notice of what the claim is and the grounds upon which it

---

regarding Defendant Gricewich, which was wholly unrelated to the classification issue being grieved. (Id. at p. 36.) There is no indication that the screening of his appeal was based on the allegations against Defendant Gricewich because Plaintiff mainly sought relief related to his classification status. (Id.) Plaintiff's assertions to the contrary are mere conjecture.

11

rests.'"  (ECF No. 51, p. 5, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).)  Contrary to Plaintiff's assertion, the Court's finding that Plaintiff's allegations provided fair notice of the claim against Defendant Gricewich in this federal action does not excuse him from exhausting his administrative remedies through the grievance process.  The primary purpose of a grievance is to give prison administrators a chance to resolve the problem and reach the merits of the issue *See Griffin v. Arpaio*, 557 F.3d 1117, 1119-20 (9th Cir. 2009).  As noted above, a prisoner must exhaust his available administrative remedies—in this case, the grievance process—*before* bringing a federal action.  *Woodford*, 548 U.S. at 90.

Plaintiff's third argument that officials created a procedural trap by assigning Defendant Gricewich to the second level of review is without merit.  Although Plaintiff appears to complain that some unidentified defendants acted in bad faith by assigning Defendant Gricewich to the second level of review, this complaint does not relieve Plaintiff of his obligation to exhaust administrative remedies.  This is not a situation in which prison officials created a procedural issue that effectively prevented Plaintiff from exhausting his administrative remedies through no fault of his own.  *Cf. Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) (exhaustion excused where prisoner properly mailed a grievance, the grievance was not received and the prisoner was not given instructions on how to proceed after grievance was lost; prisoner took all steps necessary to exhaust line of administrative review).  Plaintiff does not argue that he took all necessary steps to exhaust his retaliation claim.  Rather, Plaintiff is arguing that prison officials erred and violated duties owed to him by allowing Defendant Gricewich to review his appeal despite his prior complaints against her and that prison officials failed to terminate Defendant Gricewich or prevent further retaliations.  Such an argument does not justify any failure to exhaust administrative remedies.

As a final argument, Plaintiff contends that he complained of Defendant Gricewich's conflict of interest and retaliation at the third level of review on grievance numbered KVSP-07-02475.  Plaintiff asserts that because his appeal was resolved on the merits, including his assertions against Defendant Gricewich, then his claim should be deemed exhausted.  *See, e.g.*, *Holley v. Cal. Dep't of Corr.*, 2007 WL 586907, *7 (E.D. Cal. Feb. 23, 2007) (findings and

12

recommendations finding exhaustion even though prisoner changed the theory of the complaint from religious discrimination to sex discrimination at the director's level), findings and recommendations adopted by *Holley v. Cal. Dep't of Corr.*, 2007 WL 869956, *1 (E.D. Cal. Mar. 22, 2007).

Plaintiff submitted grievance number KVSP-07-02475 on November 16, 2007, as a group appeal. In his grievance, Plaintiff complained that on October 26, 2007, KVSP officials modified B-facility's program for unknown reasons, they did not generate a PSR, they did not allow B-facility satellite culinary workers to report to their respective dining halls and they used level one inmates housed in the Gym to work in level four jobs. (ECF No. 63-4, Def's Ex. 1, pp 8-10.) Plaintiff's appeal was denied at the first level on January 5, 2008, following an interview by D. I. Doria. The response stated that due to a continuing influx of individuals being convicted of crimes, the inmate population had grown, requiring use of the gym to house inmates. The response also stated that an Administrative Decision was made by the warden to assign B Facility Gym inmates to certain jobs. (Id. at pp. 6-10.) Plaintiff complained to the second level of review, contending that level one inmates were not qualified for level four jobs. (Id. at pp. 9, 11.)

At the second level of review, Defendant Gricewich was assigned to investigate the appeal. Deputy Warden Castro partially granted the appeal on March 4, 2008. In so doing, Deputy Warden Castro stated, "It is noted Facility B was not under an official modified program on the date in question as there are no Program Status Reports (PSR) corresponding with October 26, 2007." (Id. at p. 5.) Plaintiff's appeal was partially granted "in that the Facility B Gymnasium [was] currently being deactivated and it [was] anticipated all inmates residing in the Gym [would] be re-housed without delay." (Id.)

Plaintiff complained to the third level of review on March 12, 2008. (Id. at p. 9.) In his third level appeal, Plaintiff contended as follows:

> B. Gricewich the Correctional Counselor II that was assigned to investigate appellant's appeal that the Second level, establishes a conflict of interest in appellant's appeal findings for the following reason: B. Gricewich is a defendant in appellant's civil litigation suit filed against Ms. Gricewich: Therefore bring into question her appeal findings. Appellant contends that B. Gricewich appeal findings were "PARTIAL AND BIAS," her findings are "MISLEADING AND

UNTRUE." Appellant will establish these allegations with factual evidence. B. Gricewich, contended that B-facility was "NOT" under an official modified program on the date in question as there are "NO" Program Status (PSR) corresponding with Oct. 26, 2007. . . [¶] Appellant(s) contend that B. Gricewich appeal findings are "FALSE AND MISLEADING THE FACTS TO APPELLANT(S) APPEAL." "B. Gricewich stated that B-facility was "NOT UNDER AN OFFICIAL MODIFIED PROGRAM" on the date in question as there are "NO" PSR's corresponding with Oct. 26, 2007." Appellant(s) will introduce the PSR that allegedly does not exist, (See exhibit "IV" a true/correct copy of PSR dated Oct. 26, 2007 Log #KVP-OPS-07-051).

(Id. at pp. 9, 12.) To support his claim against Defendant Gricewich, Plaintiff attached four PSRs relating to log KVSP-OPS-07-051, dated November 1, 6, 8 and 18, 2007. (Id. at pp. 23-28.)

On July 14, 2008, Plaintiff's appeal was denied at the third level review. In denying Plaintiff's grievance, the third level reviewer considered one of Plaintiff's submitted PSRs which indicated that on October 26, 2007, information was received by the KVSP Administration that inmates were conspiring to introduce narcotics and contraband into the institution and the institution was placed on modified program excluding facility E. The third level reviewer also noted "that the Second Level of Review (SLR) indicated that there was no PSR located for the date in question, however; the SLR did provide a legitimate explanation for the restriction of inmate movement based upon the threat to safety and security." (Id. at p. 3.)

Although Plaintiff argues that his appeal claims were addressed on the merits, the third level of review does not address any of the contentions against Defendant Gricewich regarding a purported conflict of interest, bias, or partiality. While the third level decision addresses the existence of a PSR, it does not reach the merits of Plaintiff's allegations regarding Defendant Gricewich's purported retaliation. (Id. at p. 3.)

The Court therefore finds that Plaintiff has not raised a genuine dispute of material fact and has not exhausted his administrative remedies regarding his retaliation claim against Defendant Gricewich.

**V.     Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1. Defendant Gricewich's motion for summary judgment, filed on December 2, 2013, be GRANTED; and

14

      2. Plaintiff's retaliation claim against Defendant Gricewich be DISMISSED without prejudice based on a failure to exhaust administrative remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:  **August 15, 2014**               /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE